IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 5:17cr32-RH

CLARK ONSTAD,

      Defendant.

_____/

## ORDER DENYING THE MOTION FOR *BRADY* DISCLOSURES OR FOR 17(c) SUBPOENAS

The defendant Clark Onstad has moved to compel the government to turn over materials under *Brady v. Maryland*, 373 U.S. 83 (1963). Alternatively, Mr. Onstad asks for issuance of subpoenas under Federal Rule of Criminal Procedure 17(c).

The motion focuses on materials that, according to the government, are no longer in the government's possession or never were within the government's possession. The government's obligation is to turn over materials that are now or were at some relevant point within the prosecution team's possession. *See, e.g.*, *Moon v. Head*, 285 F.3d 1301, 1309 (11th Cir. 2002) (limiting the government's

*Brady* obligation to information available to the "prosecution team"); *United States v. Meros*, 866 F.2d 1304, 1309 (11th Cir. 1989) (same).

Subject to one reservation, Mr. Onstad has provided no support for his claim that the government has failed to meet its *Brady* obligation. The reservation is this. The government's analysis, as set out in its memorandum in opposition to the motion, begins with the assertion that Mr. Onstad is guilty. Thus the government asserts that false representations were made to Colby Miller, and the government labels "stunning" and "incredulous" Mr. Onstad's demand for information that might show the representations were true. ECF No. 128 at 10. In assessing whether information is exculpatory, the government of course cannot assume the truth of its own position; were it otherwise, no information would ever be deemed exculpatory, and *Brady* would be a dead letter.

This does not, however, warrant entry of a separate order compelling the government to do what it is already obligated to do: turn over exculpatory information within its possession or control. Despite the government's flawed reasoning, it may have complied with its *Brady* obligation—and in any event, the government has an obligation to comply now, with or without a further court order. Information supporting a claim that representations to Mr. Miller were true—for example, that he was or might be under investigation in connection with his work

with Ara Dolarian or that Mr. Miller's wife might seek a divorce or custody of the children—are exculpatory.

Alternatively, Mr. Onstad asks for issuance of Rule 17(c) subpoenas requiring third parties to provide documents prior to trial. To the extent the request is for information from the Department of Homeland Security or Department of State, the request is either unfounded or moot. This is so because in response to subpoenas issued by codefendant Amanda Giovanni, a procedure is already underway for in camera review and for production of appropriate documents. *See* Order of September 10, 2018, ECF No. 203. Any documents produced under that procedure will be provided to Mr. Onstad. For other information, Mr. Onstad's motion does not identify with sufficient particularity either the persons he wishes to subpoena or the documents he wishes to have produced. *See, e.g.*, *United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (setting out a four-part test governing an application for a 17(c) subpoena).

For these reasons,

IT IS ORDERED:

Mr. Onstad's motion to compel production under *Brady* or for issuance of Rule 17(c) subpoenas is denied.

SO ORDERED on September 11, 2018.

          s/Robert L. Hinkle
          United States District Judge